UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FILED
2008 APR 18 A 10: 17
U.S. DISTRICT COURT
EASTERN DIST. TENN.

| | |
|---|---|
| PAUL ROE,<br><br>    Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA, AND<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:08-cv-93<br>)<br>)  Collier/Lee<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332 and 1446 and 29 U.S.C. §1132, Defendants The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") hereby give Notice of Removal of the above-captioned action, No. 08C345, pending in the Circuit Court for Hamilton County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Southern Division. In support of removal, Defendants state as follows:

1. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of March 21, 2008, the date Berkshire received a copy of the initial pleading setting forth the claim for relief upon which the action is based. Guardian received a copy of the initial pleading setting forth the claim for relief upon which the action is based four days later, on March 25, 2008.

2. Pursuant to 28 U.S.C. § 1441(a), the removal of this action to this Court is proper as this Court sits in the judicial district and division embracing the place where the action is

pending. See 28 U.S.C. § 123 (stating that the Eastern District of Tennessee, Southern Division, embraces Hamilton County).

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings that have been served upon Berkshire are attached hereto as Exhibit 1, and copies of all process and pleadings that have been served upon Guardian are attached hereto as Exhibit 2.

4. Pursuant to 28 U.S.C. § 1446(a), all Defendants join in this Notice of Removal.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court for Hamilton County, Tennessee.

6. By filing this Notice of Removal, the Removing Defendants do not waive any available defenses.

## JURISDICTION

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 29 U.S.C. § 1132(e).

8. The proper parties to this action are completely diverse, given that:

   a. Upon information and belief, Plaintiff is a citizen of Tennessee;

   b. Defendant Guardian is not a citizen of Tennessee, but is a New York corporation with its principal place of business in New York; and

   c. Defendant Berkshire is not a citizen of Tennessee, but is a Massachusetts corporation with its principal place of business in Massachusetts.

9. Plaintiff seeks damages for past due benefits according to the policy of insurance, prejudgment interest, treble damages pursuant to the Tennessee Consumer Protection Act, and attorney's fees. The policy provides Basic Benefits in the amount of $1,600 per month and Social Insurance Substitute benefits of $900 per month. (See policy attached to Complaint, at

page 000143.) Plaintiff claims to be owed benefits for approximately twelve months, from March 2007, and has asked the Court to award treble damages.

10. Thus, a fair reading of the Complaint indicates that the amount in controversy in this matter exceeds $75,000. See Golden v. Gorno Bros., Inc., 410 F.3d 879, 884 (6th Cir. 2005) ("not[ing] the general rule in diversity cases that the amount claimed by a plaintiff in his complaint determines that amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount" (internal citations omitted)).

11. Accordingly, this Court has diversity jurisdiction over this action, and this case is removable on that basis.

12. Although not specifically pleaded by Plaintiff in his Complaint, under the complete preemption doctrine, this Court should re-characterize Plaintiff's claim as an action arising under federal law. Plaintiff seeks to enforce an insurance policy that was established an maintained by his former employer as part of his employee benefits package. This action is therefore governed by the Employee Retirement Income Security Act of 1974 (ERISA). As such, this Court also has jurisdiction pursuant to 29 U.S.C. § 1132(e) and this action is removable on that basis.

## CONCLUSION

13. For the foregoing reasons, this Court has jurisdiction over this action and this action is properly removed to the Eastern District of Tennessee, Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1446 and 29 U.S.C. § 1132.

This 17th day of April, 2008.

Respectfully submitted,

NEAL & HARWELL, PLC

_____
James F. Sanders, No. 5267  *by JDR with permission*

One Nashville Place, Suite 2000
150 Fourth Avenue North
Nashville, Tennessee 37219
(615) 244-1713
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008 I served a copy of the foregoing **NOTICE OF REMOVAL** by depositing a copy of the same in U.S. Mail, first-class, postage prepaid, and addressed as follows:

> Eric L. Buchanan, Esq.
> R. Scott Wilson, Esq.
> D. Seth Holliday, Esq.
> Eric Buchanan & Associates, PLLC
> 414 McCallie Avenue
> Chattanooga, TN 37402
> Attorney for Plaintiff

_____
James F. Sanders *by JDR with permission*

4

Case 1:08-cv-00093-CLC-SKL   Document 1   Filed 04/18/08   Page 4 of 4   PageID #: 4