

March 17, 2008

*1: 08 -cv-9 3*
*clc/ Lee*

Berkshire Life Insurance Co Of America
700 South Street
Pittsfield, MA 01201
NAIC # 71714

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2760 0002 9674 6042
Cashier # 2124

Re: Paul Roe  V.  Berkshire Life Insurance Co Of America

Docket # 08C345

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on March 12, 2008 by Paul Roe pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Hamilton County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hamilton County
    625 Georgia Avenue, Rm 500
    Chattanooga, Tn  37402

RECEIVED

MAR 2 1 2008

BERKSHIRE LIFE

## EXHIBIT 1 page 1

Service of Process 615.532.5260

# State of Tennessee

FILED
'08 MAR 6 PH 2:14

## In the Circuit Court of Hamilton County

PAULA T. THOMPSON, CLERK

__Paul Roe__
_____
Plaintiff

BY _____ DC

No. _____ CPC345

__The Guardian Life Ins. Co. of America__
__Berkshire Life Ins. Co. of America__
Defendant

# SUMMONS

TO: __Berkshire Life Ins. Co. of America by and through the__
Defendant                         Address
__commissioner of the TN Department of commerce + Insurance__
__500 James Robertson Pkwy, Ste 660 Nashville TN 37243-1131__
Defendant                         Address

_____          _____
Defendant                         Address

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this __6__ day of __March__ _____ , 20 __08__

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Paula T. Thompson, Circuit Court Clerk

By _____
Deputy Circuit Court Clerk

Attorneys for Plaintiff_____ Eric Buchanan & Associates PLLC
414 McCallie Avenue
Chattanooga, TN 37402

_____
Address

Plaintiff's Address __6207 Laramie Circle, Chattanooga TN 37421__

Received this _____ day of _____ , 20 _____

/S/ _____
Deputy Sheriff

## EXHIBIT 1 page 2

FILED IN OFFICE

IN THE CIRCUIT COURT OF
HAMILTON COUNTY, TENNESSEE

PAULA T. THOMPSON, CLERK

BY

PAUL ROE,

Plaintiff,

v.

THE GUARDIAN LIFE INSUARNCE
COMPANY OF AMERICA, AND
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERCIA,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

JURY DEMAND

NO.: 08C 345

DIVISION

## COMPLAINT

COMES the Plaintiff, Paul Roe (hereinafter "Plaintiff"), by and through the undersigned counsel of record, and hereby brings the following Complaint against Defendants, The Guardian Life Insurance Company of America (hereinafter "Guardian"), and Berkshire Life Insurance Company of America (hereinafter "Berkshire"), stating as follows:

## PARTIES

1. Plaintiff is an adult resident of Hamilton County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendants Guardian and Berkshire are insurance companies authorized to transact the business of insurance in this state.

3. Defendants Guardian and/or Berkshire are the underwriters of and/or insurers of a disability insurance policy issued to Plaintiff, said policy having, inter alia, the following identifying characteristics: Policy No.G724048 (hereinafter "Policy").

1

## EXHIBIT 1 page 3

4. Defendants Guardian and Berkshire may be served with process by serving the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

## JURISDICTION AND VENUE

5. This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction.

6. Venue is proper in Hamilton County, Tennessee.

## FACTS

7. Plaintiff purchased the Policy from Defendants Guardian and/or Berkshire on or about June 9, 1993.

8. Plaintiff's employment at the time he became disabled was a lead designer, an occupation wherein Plaintiff, inter alia, drew floor plans for clients, conducted training seminars, worked with sales staff to improve sales, made house calls to customers, and sold furniture

9. Plaintiff paid all premiums and has satisfied all the requirements for coverage under the above Policy, which is a contract for insurance.

10. Plaintiff, while covered under the Policy, suffered from and/or developed toxic metabolic axonal neuropathy, encephalopathic process, fibromyalgia, and bipolar disorder on or about October 1, 2004 or thereafter, which caused then and/or subsequently, inter alia, memory loss, syncope, poor motor control, problems with gait and balance, fatigue, cognitive dysfunction including, inter alia, confusion, inability to focus and/or concentrate, depression, anxiety, all of which interfered with his ability to work, and ultimately caused him to become disabled.

2

**EXHIBIT 1 page 4**

11. On October 1, 2004, Plaintiff's medical condition caused him to have a complete inability to perform the major duties of his regular occupation, at which time he suffered a significant loss of earnings.

12. Since October 1, 2004, Plaintiff has had a complete inability to perform the major duties of his regular occupation such that he has been unable to earn any income.

13. On or about March 11, 2005, Plaintiff applied for benefits under the Policy and subsequently submitted on April 1, 2005, a Disability Claimant's Statement, and, thereafter, by submitting, inter alia, numerous attending physician statements and medical records pursuant to the requirements of the Policy.

14. On March 9, 2007, Defendants Guardian and/or Berkshire sent Plaintiff a letter explaining that it had denied coverage on his claim.

15. On August 28, 2007, Plaintiff, through counsel, appealed the denial of his claim and submitted additional information in support of his claim.

16. On January 23, 2008, Defendants Guardian and/or Berkshire sent Plaintiff's counsel a letter explaining, inter alia, that Defendants evaluation did not support a reversal of the March 9, 2007, denial of coverage on Plaintiff's claim.

17. Although Plaintiff has received some benefits under the Policy, he has not received the full requisite of benefits due under the Policy.

## COUNT ONE

### BREACH OF CONTRACT

Plaintiff incorporates the allegations contained in paragraphs 1 through 17 as if fully stated herein and further states that:

18. Under the laws of the State of Tennessee, Plaintiff was covered under the Policy

3

**EXHIBIT 1 page 5**

and said Policy constitutes a contract for insurance coverage.

19. Under the laws of the State of Tennessee, Plaintiff made a valid and timely claim for benefits under the terms of the Policy and Defendants have refused to pay the full requisite of benefits due under the Policy.

20. Under the laws of the State of Tennessee, Plaintiff has paid all premiums and has met all other conditions precedent to have a valid contract for insurance coverage and has satisfied the terms of the contract entitling him to benefits under the contract.

21. Under the laws of the State of Tennessee, Defendants have breached, and continue to breach, their contractual duties under the insurance Policy by failing and refusing to pay benefits owed the Plaintiff and by failing to perform their duties as set out in the contract.

22. Under the laws of the State of Tennessee, as a direct and proximate result of Defendants' breach, Plaintiff has suffered, and continues to suffer, substantial damages as previously set forth above.

## COUNT TWO

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

## TENNESSEE CODE ANNOTATED § 47-18-101 AND § 47-18-109.

Plaintiff incorporates the allegations contained in paragraphs 1 through 22 as if fully stated herein and says further that:

23. Tennessee Code Annotated § 47-18-109 provides a private right of action to any person who suffers an ascertainable loss of money or property as a result of the use or employment by another person of an unfair or deceptive act or practice

4

## EXHIBIT 1 page 6

declared unlawful by the Consumer Protection Act.

24. The acts which are prohibited under the Consumer Protection Act are listed in Tennessee Code Annotated § 47-18-104. In addition to specifically prohibited acts, Tennessee Code Annotated § 47-18-104(b)(27) is a catch-all provision prohibiting all practices which are deceptive or unfair to customers.

25. By ignoring the terms of the disability insurance contract, by failing to adequately communicate with the Plaintiff, and by giving the Plaintiff inadequate or misleading information about his claim, the Defendants have acted unfairly and deceptively.

26. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer monetary loss and damages.

27. Through its handling of Plaintiff's claim, the Defendants have willfully and knowingly violated the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq., entitling Plaintiff to treble damages.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this Court grant him the following relief in this case:

That the Court enter judgment in favor of Plaintiff and against Defendants and that the Court order Defendants to perform their obligations under the contract for insurance and to pay past due benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

That the Court order Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

5

### EXHIBIT 1 page 7

That the Court order Defendants to continue paying benefits to Plaintiff until such time as he no longer qualifies for continuation of benefits;

That the Court order Defendants to pay treble damages pursuant to Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101 et seq.;

That the Court order Defendants to pay Plaintiff's attorneys fees and costs under applicable law; and,

That Plaintiff recover any and all other relief to which he may be entitled.

Plaintiff further demands a jury to hear his case.

Dated this 6th day of March 2008.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:  D. Seth Holliday
Eric L. Buchanan (#018568)
R. Scott Wilson (#019661)
D. Seth Holliday (#023136)
414 McCallie Avenue
Chattanooga, Tennessee 37402
(423) 634-2506
(423) 634-2505 (fax)

6

**EXHIBIT 1 page 8**



## The Guardian®

### The Guardian
### Life Insurance Company
### of America

201 Park Avenue South
New York, NY 10003

A Mutual Company
Established 1860

Guardian hereby furnishes insurance to the extent set out in this policy. All of the provisions on this and the pages which follow are part of this policy.

*Hulbert N. Grolnick*
Secretary

*Arthur V Ferman*
President

**You** means the person insured. **We** or **Guardian** means The Guardian Life Insurance Company of America.

### NONCANCELLABLE AND GUARANTEED RENEWABLE TO AGE 65

You may renew this policy at the end of each term until you are age 65. During that time, we cannot change the premium · cancel this policy.

### CONDITIONAL RIGHT TO RENEW AFTER AGE 65— PREMIUMS CAN CHANGE

After you are age 65, you may renew this policy at the end of each term as long as you are at work full time. There is no age limit. But you must be at work at least thirty hours each week for at least ten months each year.

Your premium will be at our rates then in effect for persons of your age and class of risk. We have the right to change such premiums on a class basis on any policy anniversary.

### NOTICE OF TEN DAY RIGHT TO REVIEW POLICY

You have ten days to review this policy from the date you receive it. Within that time, you can deliver or mail it to our home office or to any Guardian agent or agency for a prompt refund of all premiums. This policy will then be void from the start.

Disability Income Policy

000139

Participating

**DUPLICATE POLICY**

**EXHIBIT 1 page 9**

C*T000 This policy is a legal contract between you and Guardian. READ IT WITH CARE. *DIFFICULT COPIA*

# INDEX

The major provisions of this policy appear on the following pages:

| | |
|---|---|
| Renewal provisions | Pages one and seven |
| Exclusions and limitations | Page three |
| Definitions | Page three |
| Benefit provisions | Pages four and five |
| Claim provisions | Page six |
| General provisions | Page eight |

| | Page | | | Pag |
|---|---|---|---|---|
| Accumulation period | three | Misstatement of age | | s |
| Age | seven | Monthly indemnity | | thr |
| Benefit period | three | Notice of claim | | s |
| Capital sum benefit | four | Payment of claims | | s |
| Consideration | eight | Policy anniversary | | sev |
| Dividends (participation) | eight | Presumptive total disability | | fi |
| Effective date | eight | Recurrent disability | | fo |
| Election of directors | eight | Rehabilitation benefit | | fi |
| Entire contract | eight | Reinstatement | | sev |
| Elimination period | three | Sickness | | thr |
| Grace period | seven | Termination | | sev |
| Incontestable | eight | Total disability defined | | schedule pa |
| Jury | three | Total disability benefit | | fo |
| Legal actions | six | Transplant and cosmetic surgery benefit | | fi |
| Medical care requirement | three | Waiver of premium benefit | | fi |
| Military suspension | seven | | | |

Additional benefits, if any, are shown in the schedule page
and are described in the rider forms attached to this policy.

**EXHIBIT 1 page 10**

INSURED- PAUL O ROE                    POLICY NUMBER- G-784048

OWNER- PAUL O ROE                      DATE OF ISSUE- 06/03/93

LOSS PAYEE- PAUL O ROE

                                       TERM-  1  MONTH

OCCUPATION CLASS- 4    DATE OF BIRTH- 06/28/51    AGE AT ISSUE-  41

PREMIUM DISCOUNT CLASS- NONSMOKER

ANNUAL PREMIUM FOR:

   - BASIC BENEFITS                              -     $795.12.
   - SOCIAL INSURANCE SUBSTITUTE RIDER (SIO -01C) -     $262.44.
   - RESIDUAL DISABILITY RIDER (RSDL-01E)         -     $259.00.

                           TOTAL ANNUAL PREMIUM -     $1,316.56.
                                   TERM PREMIUM -       $113.00.

        ---- DEFINITION OF TOTAL DISABILITY ----

TOTAL DISABILITY MEANS THAT, BECAUSE OF SICKNESS OR INJURY, YOU ARE
NOT ABLE TO PERFORM THE MAJOR DUTIES OF YOUR OCCUPATION.

YOUR OCCUPATION MEANS THE REGULAR OCCUPATION (OR OCCUPATIONS, IF MORE
THAN ONE) IN WHICH YOU ARE ENGAGED AT THE TIME YOU BECOME DISABLED.

YOU WILL BE TOTALLY DISABLED EVEN IF YOU ARE AT WORK IN SOME OTHER
CAPACITY SO LONG AS YOU ARE NOT ABLE TO WORK IN YOUR OCCUPATION.

IF YOUR OCCUPATION IS LIMITED TO A SINGLE RECOGNIZED SPECIALTY IN
MEDICINE, DENTISTRY OR LAW, WE WILL DEEM YOUR SPECIALTY TO BE YOUR
OCCUPATION.

     --- ELIMINATION AND ACCUMULATION PERIODS ---

ELIMINATION PERIOD- 3 MONTHS      ACCUMULATION PERIOD-    7 MONTHS

SP101                  -06/03/93-              SCHEDULE PAGE 1

                                               CONTINUED......

DUPLICATE POLICY

000141

**EXHIBIT 1 page 11**

--- BENEFIT PERIOD ---

TO AGE 65 IF DISABILITY BEGINS BEFORE AGE 60
60 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 60 BUT BEFORE AGE 61
48 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 61 BUT BEFORE AGE 62
42 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 62 BUT BEFORE AGE 63
36 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 63 BUT BEFORE AGE 64
30 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 64 BUT BEFORE AGE 65
24 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 65 BUT BEFORE AGE 75
12 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 75

**EXHIBIT 1 page 12**

000142

--- TABLE OF BASIC BENEFITS ---

- MONTHLY INDEMNITY                          $1,600.

- MAXIMUM REHABILITATION BENEFIT             $30,000.

- CAPITAL SUM                                $30,000.


--- TABLE OF OPTIONAL BENEFITS ---

THE RENEWAL PROVISION OF EACH OPTIONAL RIDER MAY DIFFER
FROM THAT OF THIS POLICY. SEE EACH RIDER FOR DETAILS.

- SOCIAL INSURANCE SUBSTITUTE (FORM SIS -01C)

       SIS MONTHLY MAXIMUM        $900.

- RESIDUAL DISABILITY (FORM RSDL-01E)


--- BENEFITS AND PREMIUMS AFTER AGE 65 ---

IF YOU RENEW THIS POLICY WHEN YOU ARE AGE 65, WE WILL ISSUE A
NEW SCHEDULE PAGE AT THAT TIME. BENEFITS WILL BE LIMITED TO
THOSE SHOWN IN THE TABLE OF BASIC BENEFITS ABOVE.

PREMIUMS FOR THIS POLICY MAY INCREASE ON RENEWAL AT OR AFTER
AGE 65 AND WILL BE AT OUR RATES WHEN IN EFFECT FOR PERSONS OF
YOUR AGE AND CLASS OF RISK.

SP101                        06/03/93                SCHEDULE PAGE 3

000143

**EXHIBIT 1 page 13**

# EXCLUSIONS AND LIMITATIONS

### Preexisting Condition Limitation

We will not cover any loss that begins in the first two years after the date of issue from a preexisting condition.

A *preexisting* condition means a physical or mental condition:

- which was misrepresented or not disclosed in your application; and
- for which you received a physician's advice or treatment within two years before the date of issue; or
- which caused symptoms within one year before the date of issue for which a prudent person would usually seek medical advice or treatment.

### Medical Care Requirement

We will not pay benefits under this policy for any period of disability during which you are not under the care of a physician.

We will waive the medical care requirement during any claim under this policy upon reasonable proof that your sickness or injury no longer requires regular care of a physician under prevailing medical standards. Such waiver will not restrict our rights under the provision of this policy called "Physical examinations."

# DEFINITIONS

### Accumulation Period

The accumulation period is shown in the schedule page. It is a period of consecutive months that begins on the first day that you are disabled and during which the elimination period must be satisfied.

### Benefit Period

The benefit period is shown in the schedule page. It is the longest period of time for which we will pay indemnity for continuous disability from the same cause.

### Elimination Period

The elimination period is shown in the schedule page. It is the number of days for which we will not pay benefits at the start of a claim. You must be disabled, from the same or a different cause, on all of these days. The days need not be consecutive but they must occur within the accumulation period.

### Injury

Injury means accidental bodily injury which occurs while this policy is in force.

### Loss Payee

You are the loss payee unless some other person is named in the schedule page. We will pay all benefits to the loss payee.

### Monthly Indemnity

The monthly indemnity is shown in the schedule page. It is the amount we will pay for each month of total disability.

### Owner

You are the owner unless some other person is named in the schedule page. The owner has the right to renew this policy; to request a change in benefits; to change the loss payee; to receive dividends, if any are declared; and to vote for our directors.

### Physician

Physician means a legally qualified physician other than yourself, who is not a loss payee or owner under this policy.

### Sickness

Sickness means a sickness or disease, including pregnancy, which is first diagnosed and treated while this policy is in force.

000144

**EXHIBIT 1 page 14**

Page three

SPT000

## BENEFIT PROVISIONS

### Total Disability Benefit

When you are totally disabled, as defined in the schedule page, we will pay the monthly indemnity as follows:

- You must become totally disabled while this policy is in force.
- You must remain so disabled for the length of the elimination period. No indemnity is payable during that period.
- After that, monthly indemnity will be payable at the end of each month while you are totally disabled.
- Monthly indemnity will stop at the end of the benefit period or, if earlier, on the date you are no longer totally disabled.

We will not increase the rate of monthly indemnity because you are totally disabled from more than one cause at the same time.

#### Fractional Month

We will pay benefits at the rate of 1/30 of the monthly indemnity for each day for which we are liable when you are disabled for less than a full month.

#### Waiver of Elimination Period

We will waive the elimination period if you become disabled within five years after the end of a prior period of disability which lasted more than six months and for which we paid benefits.

#### Recurrent Periods of Disability

We will consider recurrent periods of disability to be one continuous period of disability if they result from the same cause or causes and are not separated by a recovery of more than:

- 12 months if the benefit period is to age 65 or longer and recurrence occurs before age 60; or
- 6 months in all other instances, including recurrence at or after age 60.

If a recurrent period of disability arises from a different cause, we will consider your loss to be a separate and unrelated period of disability.

### Capital Sum Benefit

The capital sum is shown in the schedule page. This lump sum is in addition to any other indemnity payable under this policy.

If you suffer a capital loss and survive it for 30 days, we will pay the capital sum for each such loss. But we will not pay for more than two such losses in your lifetime.

#### Capital Loss

A capital loss means the entire loss of the sight in one eye, with no possible recovery; or the complete loss of a hand or foot by severance through or above the wrist or ankle. Such loss must occur while this policy is in force and must result from sickness or injury.

If this policy has terminated, we will pay for a capital loss which results from an injury sustained while this policy was in force and which occurs within 90 days after the date of that injury.

## EXHIBIT 1 page 15

## Presumptive Total Disability Benefit

We will always consider you to be totally disabled, even if you are at work, if sickness or injury results in your total and complete loss of:

- the sight of both eyes; or
- the hearing of both ears; or
- the power of speech; or
- the use of any two limbs.

We will waive the unexpired part of the elimination period from the date of loss. We will pay the monthly indemnity each month while such loss continues from the date of loss to the end of the benefit period. You must give us satisfactory proof of loss. But you do not have to be under the continuing care of a physician.

## Rehabilitation Benefit

If you enroll in a rehabilitation program while you are totally disabled, we will pay a benefit to meet some of the costs you may incur. All of the following conditions apply:

- We must agree to the program in writing before you enroll.
- The program must be a formal plan of retraining that will help you to return to work in your occupation.
- It must be directed by an organization or individual who is licensed or accredited to provide vocational training or education to persons who are totally disabled.
- We will pay only those costs which are not otherwise covered by health care insurance, workers' compensation, or any public fund or program. But we will not pay more than the maximum rehabilitation benefit shown in the schedule page.

## Transplant and Cosmetic Surgery Benefit

If you are totally disabled because of:

- the transplant of a part of your body to another person, or
- cosmetic surgery to improve your appearance or correct a disfigurement,

we will deem you to be disabled as the result of sickness.

## Waiver of Premium Benefit

` you are totally disabled for at least 90 days (or the length of the elimination period, if shorter), we will refund any premiums due and paid during that period. Then we will waive any later premium that falls due while you are continuously so disabled or within 90 days after you recover.

On each waiver, we will renew this policy for another term of the same length as that in effect when claim began. If that term was less than twelve months and you are still disabled and eligible for waiver on a policy anniversary, we will then change the term to twelve months.

You have the right to resume payment of premiums when you recover and the waiver of premium benefit ends. At that time, you can change the term back to its original length if you wish.

This waiver of premium benefit will also apply if monthly indemnity is payable because you have met the requirements of any of the provisions called Waiver of Elimination Period, Recurrent Periods of Disability or Presumptive Total Disability Benefit.

Nothing in this provision will change the conditions for renewal after age 65 that require you to be at work full time.

00014 :

**EXHIBIT 1 page 16**

500147

## CLAIM PROVISIONS

### Notice of Claim

You must give us notice of claim within 30 days after any loss which is covered by this policy occurs or starts, or as soon after that as is reasonably possible. Notice, with sufficient information to identify you, will be deemed notice to us if given to us at our home office, 201 Park Avenue South, New York, New York 10003, or to an authorized Guardian agent.

### Claim Forms

When we get your notice of claim, we will send claim forms for filing proof of loss. If we do not send you such forms within 15 days after your notice, you may submit a written statement within the time fixed in this policy for filing proof of loss, which proves the nature and extent of the loss for which claim is made.

### Time for Filing Proof of Loss

*We are liable for benefits at the end of each month while you are disabled beyond the elimination period until the benefit period ends or, if earlier, the date you recover.*

You must give us proof of loss at our home office or at any agency office:
- for loss from disability within 90 days after the end of the period for which we are liable; and
- for any other loss within 90 days after the date of loss.

If you cannot reasonably give us proof within such time, we will not deny or reduce claim if you give us proof as soon as possible. But we will not pay benefits in any case if proof is delayed for more than one year, unless you have lacked legal capacity.

### Time of Payment of Claims

Subject to due written proof of loss, we will pay all accrued indemnity for disability each month. Any amounts unpaid when our liability ends will be paid immediately after we receive due written proof of loss.

We will pay benefits for any other covered loss immediately after we receive due written proof of loss.

### Payment of Claims

We will pay all benefits of this policy to the loss payee.

If you are the loss payee, any accrued benefits unpaid at your death will be paid to your estate.

If any benefit of this policy becomes payable to your estate or to a minor or incompetent person, we may pay such benefit, up to $1,000, to any of your relatives by blood or marriage who we believe has a right to it. Any payment made in good faith under this provision will fully discharge Guardian to the extent of such payment.

### Physical Examination

We shall have the right and opportunity to have you medically examined at our expense when and as often as we may reasonably require while you claim to be disabled under this policy.

### Legal Actions

No one can bring an action at law or in equity under this policy until 60 days after written proof has been furnished as required by this policy. In no case can an action be brought against Guardian more than three years after written proof must be furnished.

### Misstatement of Age

If your age has been misstated, the benefits will be what the premium paid would have bought at the correct age. If we would not have issued this policy at your correct age, there will be no insurance and we will owe only a refund of all premiums paid for the period not covered by this policy.

## **EXHIBIT 1 page 17**

# SOCIAL INSURANCE SUBSTITUTE RIDER

This rider is part of this policy and subject to all its conditions.

**Premium and Renewal**

The premium for this rider is shown in the schedule page.

This rider will terminate when you are age 65.

**SIS Benefit Defined**

The SIS benefit is the additional indemnity provided by this rider. It will be added to the monthly indemnity of your policy each month while you are disabled.

The SIS benefit each month is equal to the SIS monthly maximum shown in the schedule page for this rider *less* any monthly benefit paid by Social Security.

**Social Security Offset Freeze**

If your Social Security benefits change after the start of claim because of a cost of living increase or any other increase provided by law, we will not reduce your SIS monthly maximum by any such increase.

**When SIS Benefit Ends**

We will stop the SIS benefit on the date that the first of the following events occurs:

- the benefit period ends; or
- you are no longer disabled; or
- you become age 65; or
- your Social Security benefits equal or exceed the SIS monthly maximum.

**Limitation and Required Proof**

To receive the SIS benefit, you must give us proof of your status under Social Security when and as often as we may reasonably require.

Such proof must include all correspondence between you and your Social Security office and must show that:

- you have made claim for the benefits to which you may be entitled under federal law;
- your claim has been approved, denied, or is still pending; and
- if denied, you are pursuing the review procedures which are available without cost to you.

We cannot require that you make any appeal that would cause you to incur legal fees. But if you are still denied Social Security benefits at the end of the review process, we can require that you reapply for them from time to time.

If your first payment from Social Security includes a retroactive benefit, you do not have to refund any amounts we have paid under this rider for the same period of disability which that benefit covers.

**The Guardian** Life Insurance Company of America

*Hubert N. Grolnick*
*Secretary*

Form No. SIO-01C

**EXHIBIT 1 page 18**

000148

# RESIDUAL DISABILITY RIDER

This rider is part of this policy and subject to all its conditions. It provides indemnity when you are at work at reduced earnings as a result of sickness or injury.

Under the terms of this rider, we will determine whether you are residually disabled based solely on your ability to earn income as a result of sickness or injury. We will compute benefits solely in relation to earned income that you receive on a cash basis except as provided in the definition of current income.

### Premium and Renewal

The premium for this rider is shown on the schedule page. You may not renew this rider after you are age 65.

## Amendments to This Policy

### Elimination Period

The elimination period will begin on the date you become sick or injured. You may be totally or residually disabled on each day after that to satisfy the elimination period under the benefit provisions of this policy or rider.

### Waiver of Premium

You may be totally or residually disabled to meet the conditions for waiver of premium of this policy.

## Definitions

**Residual disability** means that you are at work and are not totally disabled under the terms of this policy; but, because of sickness or injury, you are not able to earn at a rate of at least 80% of your prior income.

**Residual indemnity** is a reduced amount of the monthly indemnity for this policy. We derive it as follows:

$$\text{residual indemnity} = \frac{\text{loss of income}}{\text{prior income}} \times \text{monthly indemnity}$$

If you have a social insurance substitute rider, we will add the SIS benefit to the monthly indemnity in this equation in each month when the SIS benefit is payable.

**Income** means the compensation which you receive for work or personal services, after business expenses, but before any other deductions, as reported for federal income tax purposes. It includes salaries, wages, fees, commissions, bonuses, business profits or other payments for your personal services, including pension and profit sharing contributions. It does not include passive or unearned income from dividends, interest, rentals or royalties. It is not Adjusted Gross Income.

*Prior income* means your average personal monthly income for the calendar tax year with the highest earnings in the three years just prior to the date on which you became disabled.

*Current income* means all income which you receive on a cash basis in each month while you are residually disabled. But we will not include income received for services rendered prior to the start of the period of disability in your current income.

*Loss of income* means the difference between your prior income and your current income.

**Expenses** mean the regular business expenses which you may deduct from gross earned income for federal tax purposes.

*Prior expenses* mean your average monthly expenses for the same tax year on which your prior income is based.

*Current expenses* mean your expenses in each month while you are residually disabled.

During a claim under this rider, the current expenses you deduct from gross earned income may not exceed your prior expenses, except as adjusted by this rider.

000149

## EXHIBIT 1 page 19

Form No. RSDL-01E

### Adjustment of Prior Expenses

While you are disabled under this rider, we will adjust your prior expenses to reflect any increase in fixed expenses that you then incur under the terms of a lease or other contract which was in effect at the start of claim.

### Adjustment of Prior Income and Expenses Due to Inflation

At the end of each twelve months in a continuous claim before you are age 65, we will adjust your prior income and prior expenses to reflect changes in the cost of living since the start of claim.

**Review date** means the recurrence each year of the date on which you were first disabled in the same claim.

**CPI-U** means the Consumer Price Index for All Urban Consumers, or any later replacement of it, as published by the federal Department of Labor.

**Index month** means the calendar month that fell ninety days before the date on which you were first disabled in the same claim.

On each review date in the same claim, we will adjust your prior income and prior expenses for use in the next twelve months by the actual percentage change in the CPI-U since the index month. We will make no change that would reduce those amounts below what they were at the start of claim.

## Residual Disability Benefit

When you are residually disabled, we will pay the residual indemnity each month as follows:

- You must become totally or residually disabled before you are age 65 while this policy is in force.
- You must remain so disabled for the length of the elimination period. No indemnity is payable during that period.
- After that, residual indemnity will be payable at the end of each month while you are residually disabled.

### Computation of Residual Disability Benefit

For the first six months while you are residually disabled, the exact rate of your current income will apply, except as stated below. After that, we will compute your residual indemnity for each six month period on the average of your current income for the preceding six months. But we may agree to a shorter or longer period of averaging.

During the first six months for which residual disability benefits are payable, we will deem your loss of income to be 50% of prior income or the actual percentage of loss, if greater.

After the first six months, loss of income will be computed at the actual percentage rate of loss.

However, at all times, if loss of income is more than 75% of prior income, we will deem such loss to be 100%.

### Termination of Residual Indemnity

Residual indemnity will stop when the first of the following events occurs:

- you become totally disabled; or
- your loss of income is less than 20% of prior income or, if lower, the residual indemnity becomes less than $500 a month; or
- the benefit period ends; or
- you become age 65 in any claim which began before age 60.

### Proof of Loss

We can require any proof which we consider necessary to establish your current and prior incomes. We have the right to examine all relevant records, including your personal, business and corporate federal tax returns, as often as we may reasonably require.

During claim under this rider, we can require that your accounting practices be the same as those which were in effect at the time you first became disabled.

The Guardian Life Insurance Company of America

Form No. RSDL-01E

**EXHIBIT 1 page 20**

Secretary

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA


SPECIAL NOTICE FOR TENNESSEE POLICYHOLDERS


If you have questions about your Guardian insurance policy, you should contact our Health Policy Service Department. Their address and phone number is:

The Guardian Life Insurance Company of America
Health Policy Service
P.O. Box 8333
Bethlehem, Pennsylvania 18001
Telephone: (215) 861-6434

Form No. AHS745

000151

**EXHIBIT 1 page 22**

TENNESSEE AMENDATORY RIDER

This rider is a part of this policy.

The following provision called "Notice of premium change" is added to this policy:

Notice of          We will notify you at least 30 days prior to any
premium change     policy anniversary on which a change in premium
                   will take effect.

The Guardian Life Insurance Company of America

*Hubert N. Grolnick*

*Secretary*

Form No. AR585                          AMENDATORY RIDER

000152

**EXHIBIT 1 page 22**